United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                  Case No. 25-20701

v.

                                  Hon. Susan K. DeClercq

Yunqing Jian,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Yunqing Jian, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Count of Conviction

The defendant will plead guilty to Count 2 and Count 3 of the Information. Count 2 charges the defendant with smuggling under Title 18, United States Code, Section 545. Count 3 charges the defendant with false statements under Title 18, United States Code, Section 1001.

## 2.    Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which she is pleading guilty carry the following maximum statutory penalties:

| Count 2 | Term of Imprisonment: | Up to 20 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 5 years |
| Count 3 | Term of Imprisonment: | Up to 5 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 3 years |

**3.    Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan agrees to dismiss Count 1 of the Information and will not bring additional charges related to the defendant's smuggling from 2022 to 2024.

**4.    Elements of Counts of Conviction**

The elements of Count 2 are:

1.    The defendant fraudulently or knowingly;

2.    Imported or brought into the United States;

3.    Any merchandise contrary to law.

The elements of Count 3 are:

1.  The defendant knowingly and willfully made a statement or representation;

2.  The defendant's statement or representation was false, fictitious, or fraudulent;

3.  The defendant's statement or representation was material;

4.  The defendant's statement or representation pertained to a matter within the jurisdiction of the executive branch of the United States government.

## 5.   Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

The defendant, Yunqing Jian, is a citizen of the People's Republic of China (PRC), who obtained her doctorate degree in the PRC in the area of plant pathogens. On August 13, 2022, the defendant entered the United States on a J1 nonimmigrant visa to conduct research as a postdoctoral scholar and remained in the United States on a J1 visa at all relevant times. Shortly before coming to the United States, the

defendant had a conversation with Zunyong Liu, who is also a PRC citizen and has a doctorate degree in plant pathogens, about the defendant smuggling seeds into the United States. The defendant sought Liu's advice about how to hide the seeds when going through airport security upon entering the United States. Liu advised the defendant that the seeds "must be placed well," and told her to "put it in your shoes." The defendant confirmed that she placed the seeds "in my Martin boots…in a small bag. The ziplock bag. Very small." On August 13, 2022, the day after this conversation took place, the defendant entered the United States on a flight from Seoul, South Korea.

In 2023, the defendant began living in the Eastern District of Michigan and working at the Molecular Plant-Microbe Interaction (MPMI) Laboratory at the University of Michigan in Ann Arbor, Michigan. During January, 2024, the defendant had conversations with an individual in the PRC in which the defendant requested that the individual send the defendant plasmid DNA from the PRC. The defendant provided the individual detailed instructions on the preparation and concealment of the plasmid DNA. The defendant also provided the individual with the defendant's home address in Ann

Arbor, Michigan, as the mailing address for the package. The defendant instructed the individual to cut the material into smaller pieces, place the pieces into a small Ziplock bag, and slide the bag into a book, preferably a thicker book, to send over. The individual asked the defendant if the book would be inspected, and the defendant replied, "There are usually no problems. Rest assured. I have mailed these before." On January 19, 2024, the individual informed the defendant that the package had been sent out. On January 22, 2024, Customs and Border Protection officers intercepted this shipment from the PRC destined to the defendant at her home address in Ann Arbor, Michigan. The shipment contained a used statistics book. Hidden inside the book was a plastic bag containing plasmid DNA.

In July, 2024, the defendant had conversations with Liu in which the defendant stated that she was ready to harvest seeds for Liu. On July 27, 2024, Liu arrived at the Detroit Metropolitan Airport on a flight from Shanghai, PRC. Upon inspection, CBP officers found a wad of tissues crumpled up in a small pocket in Liu's backpack. The tissues concealed four clear plastic baggies with small clumps of reddish plant material that contained Fusarium graminearum, a type of fungi that

can cause diseases in crops. Upon questioning, Liu claimed at first that he did not know what the material was. However, Liu subsequently admitted that the material was Fusarium graminearum and that he intentionally hid the samples in his backpack because he knew there were restrictions on the importation of the materials. The defendant knew Liu was smuggling the Fusarium graminearum into the United States and intended to assist him by giving Liu access to the laboratory so that he could conduct research on the Fusarium graminearum using the florescent microscope there.

On February 5, 2025, Special Agents from the Federal Bureau of Investigation (FBI), an agency in the executive branch of the United States government, interviewed the defendant at the MPMI Laboratory in Ann Arbor, Michigan. During the interview, the defendant falsely stated to the FBI Special Agents that she did not know Liu was planning to import biological materials into the United States. The defendant also falsely stated that she had no knowledge that Fusarium graminearum had previously been in the MPMI Laboratory, when in fact, she was aware that Liu had Fusarium graminearum in the MPMI Laboratory as recently as April, 2024. The defendant's false statements

were material to a matter within the jurisdiction of Federal Bureau of Investigation, an agency of the executive branch of the United States government.

Importing the biological material described above requires the importer to first obtain a permit from the United States Department of Agriculture, pursuant to the Plant Protection Act, 7 U.S.C. §§ 7701 – 7784, and the Federal Plant Pest Regulations, 7 C.F.R. §§ 330.100 – 330.207. Neither the defendant nor Liu applied for or obtained permits from the USDA for the importation of any of the material described above. Therefore, the importation of this material was contrary to law.

6. **Advice of Rights**

The defendant has read the Information, has discussed the charge and possible defenses with her attorneys, and understands the crimes charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.     The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.     The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

## 7.     Collateral Consequences of Conviction

The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her conviction here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorneys or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her conviction.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offenses to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C.  Other Guideline Recommendations

The parties agree that USSG § 2Q2.1 applies to this case.

### D.   Parties' Obligations

Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.   Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in the preceding paragraphs. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.   Imposition of Sentence

### A.   Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.    Imprisonment

### 1.    Recommendation

There is no agreement by the parties as to the sentence to be recommended by the government or the defendant. Both parties are free to recommend any sentence that they consider appropriate.

### 2.    No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that no term of supervised release be imposed.

### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

The parties have no agreement as to a fine.

### E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and

3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.    Special Assessment

The defendant understands that she will be required to pay a special assessment of $200.00, due immediately upon sentencing.

## 10.   Stipulated Judicial Order of Removal

The defendant agrees to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, Sections 1228(c)(5)

and 1227. Specifically, the defendant admits that she is a native and citizen of the People's Republic of China and that she is removable from the United States pursuant to Title 8, United States Code, § 1227(a)(1)(C)(i).

## A.    Voluntary Waiver of Rights

After consultation with counsel and understanding the legal consequences of doing so, the defendant knowingly and voluntarily waives the right to the notice and hearing provided for in Title 8, United States Code, Section 1228(c)(2), and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated removal order. The defendant understands and knowingly waives her right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act ("INA") on the question of the defendant's removability from the United States. The defendant further understands the rights the defendant would possess in a contested administrative proceeding and waives these rights, including the defendant's right to examine the evidence against her, to present evidence on her behalf, and to cross-examine the witnesses presented by the government.

The defendant agrees to waive her rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Title 8, United States Code, Section 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. § 208; cancellation of removal; adjustment of status; registry; de novo review of a denial or revocation of temporary protected status (current or future); waivers under Title 8, United States Code, Sections 1182(h) or 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws, or treaty obligations of the United States. As part of this agreement, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in the People's Republic of China on account of her race, religion, nationality, membership in a particular social group, or political opinion. Similarly, the defendant further acknowledges and

states that the defendant has not been tortured in, and has no present fear of torture in, the People's Republic of China.

The defendant hereby requests that an order be issued by this Court for her removal to the People's Republic of China. The defendant agrees to accept a written order of removal as a final disposition of any immigration proceedings and waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal.

The defendant hereby agrees to make the judicial order of removal a public document, waiving her privacy rights, including her privacy rights under 8 C.F.R. § 208.6. At the request of the U.S. Attorney's Office, U.S. Immigration and Customs Enforcement ("ICE") concurs with the government's request for a judicial order of removal. As a result of the above-referenced order, upon the completion of the defendant's criminal proceedings, including any sentence of incarceration, the defendant shall be removed to the People's Republic of China.

## B.    Assistance in the Execution of Removal

The defendant agrees to assist ICE in the execution of her removal. Specifically, the defendant agrees to assist ICE in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and, to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that her failure or refusal to assist ICE in the execution of her removal shall breach this plea agreement and may subject the defendant to criminal penalties under Title 8, United States Code, Section 1253.

## C.    Re-entry

The defendant concedes that the entry of this judicial order of removal may render her permanently inadmissible to the United States. She agrees that she will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

14.   **Use of Withdrawn Guilty Plea**

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

15.   **Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

16.   **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement.

If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

17.   **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on November 7, 2025. The government may withdraw from this agreement at any time before the defendant pleads guilty.


Jerome F. Gorgon Jr.
United States Attorney


*Michl Martin*
Michael C. Martin
Chief, Criminal Division
Assistant United States Attorney



_____
Kathryn Boyles
Special Assistant United States Attorney


Dated:

By signing below, the defendant and her attorneys agree that the defendant has read or been read this entire document, has discussed it with her attorneys, and has had a full and complete opportunity to confer with her attorneys. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorneys, and is satisfied with her attorneys' advice and representation.

_____
Norman Zalkind
Attorney for Defendant

_____
David Duncan
Attorney for Defendant

_____
James Gerometta
Attorney for Defendant

_____
Yunqing Jian
Defendant

Dated:  11-11-25

Page 24 of 24

13.    **Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw her guilty plea or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives her double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

11.   **Appeal Waiver**

The defendant waives any right she may have to appeal her conviction on any grounds. The defendant also waives any right she may have to appeal her sentence on any grounds, unless her sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

12.   **Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.